IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ILLINOIS CONFERENCE OF TEAMSTERS & EMPLOYERS WELFARE FUND, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. |
| KIMBERLY M. VUCKOVIC d/b/a S & S TRUCKING, | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

NOW COMES Plaintiff, ILLINOIS CONFERENCE OF TEAMSTERS & EMPLOYERS WELFARE FUND, by and through its attorneys, Cavanagh & O'Hara, complaining of the Defendant, KIMBERLY M. VUCKOVIC d/b/a S & S TRUCKING, and alleges as follows:

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, U.S.C. Title 29, Section 1145.

2. The Plaintiff Fund is an employee benefit plan administered pursuant to the terms and provisions of the Agreement and Declaration of Trust creating said Fund and is required to be maintained and administered in accordance with the provisions of the Labor Management Relations Act of 1947 and the Employee Retirement Income Security Act of 1974 (as amended), 29 U.S.C. §§1001 et seq. The address and place of business of the Plaintiff is c/o Zenith Administrators, 2873 North Dirksen Parkway, Suite 200, Springfield, IL 62702.

3. That the Defendant is an Employer engaged in an industry within the meaning of ERISA, 29 U.S.C. §§ 1002 (5), (11), (12) and (14). Defendant employs individuals who are

1

members of, and represented by Teamsters Local 371 and said individuals are participants in Plaintiff's employee benefit fund pursuant to a Participation Agreement by and between Defendant and Teamsters Local 371. The Participation Agreement is attached hereto and incorporated herein as Plaintiff's **Exhibit A**.

4. The Defendant's address is Davenport, Iowa 52804-9051.

5. Pursuant to the Employee Retirement Income Security Act of 1974 (U.S.C. Title 29, Section 1145), the Defendant is required to make contributions to the Fund in accordance with the terms and conditions of the Plaintiff's Agreement and Declaration of Trust, and to pay liquidated damages in the event said contributions are not timely made. The Agreement and Declaration of Trust, in pertinent part, is attached hereto and incorporated herein as Plaintiff's **Exhibit B**.

6. Pursuant to Section 6.02 of the Agreement and Declaration of Trust (Exhibit B), the Trustees of the Fund may adopt rules, regulations, procedures and forms concerning the due date and manner in which remittances of Employers are to be made, including, to compensate for additional administrative costs resulting from contributions not being made when due, a late payment fee of twelve percent (12%) of contributions due and contribution reports due which are thirty (30) days or more past due; plus an additional one percent (1%) per month for all contributions received sixty (60) days or more beyond the due date.

7. Despite Defendant's obligations under the Agreement and Declaration of Trust to make contributions to the Plaintiff, Defendant has failed to submit monthly contribution report forms and the applicable payments for the months of July 2004 through February 2005.

8. That Plaintiff has made demands upon the Defendant for the report forms and contributions due, but Defendant has refused to satify Plaintiff's demands. Said demands are

attached hereto and incorporated herein as Plaintiff's **Exhibit C**.

9. Pursuant to ERISA, 29 U.S.C. § 1132 (g)(2), "In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 1145 in which a judgment in favor of the plan is awarded, the court shall award the plan - (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of–(i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amounts determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and, (E) such other legal or equitable relief as the court deems appropriate."

10. The Affidavit of James P. Moody in support of his request for attorney fees is attached hereto and incorporated herein as **Exhibit D**.

WHEREFORE, Plaintiff prays as follows:

A. That an Order be entered in favor of the Plaintiff and against the Defendant for contributions report forms for the months of July 2004 through February 2005;

B. That Judgment be entered in favor of Plaintiff and against the Defendant for July 2004 through February 2005 delinquent contributions pursuant to the contribution report forms, and for any additional unpaid contributions and liquidated damages from the date of this filing to the date Judgment is entered;

C. That Defendant be specifically required to perform and continue to perform all its obligations to Plaintiff, particularly to furnish to Plaintiff the required contributions and payments heretofore referred;

D. That Defendant be decreed to pay to Plaintiff its attorney fees in the amount of

$727.50, as provided by the Agreement and Declaration of Trust and ERISA, 29 U.S.C. § 1132(g)(2);

  E. That Defendant be decreed to pay all costs attendant to the cost of these proceedings; and

  F. That Plaintiff be awarded such other and further relief as the Court deems just and equitable, all at Defendant's cost.

            ILLINOIS CONFERENCE OF TEAMSTERS
            & EMPLOYERS WELFARE FUND,
            Plaintiff,

            By: s/ James P. Moody
              JAMES P. MOODY
              **CAVANAGH & O'HARA**
              Attorneys for Plaintiff
              407 East Adams
              Post Office Box 5043
              Springfield, IL 62705
              Telephone: (217) 544-1771
              Fax: (217) 544-9894
              jim@cavanagh-ohara.com

F:\files\ILCONFTE\S & S Trucking\Complaint.DEL.wpd